WALTER J. KNIGHT, PROSECUTOR, v. ROBERT V. KINKEAD, JUDGE, ETC., AND THE COURT OF COMMON PLEAS OF THE COUNTY OF HUDSON, RESPONDENTS.

Submitted January 27, 1928—Decided May 1, 1928.

Before Justices PARKER, MINTURN and CAMPBELL.

For the prosecutor, *Harold Simandl.*

For the respondents, *Edward L. Katzenbach,* attorney-general.

The opinion of the court was delivered by

PARKER, J.   The prosecutor was brought before the recorder of the township of North Bergen and tried on a written complaint charging him with driving a motor vehicle while under the influence of intoxicating liquor in violation of subdivision 3 of section 14 of the Motor Vehicle act of 1921 (*Pamph. L., p.* 664, &c.), as amended.   The proceedings in the recorder's court as laid before us appear regular and are not challenged.   There was a conviction, and the prosecutor appealed to the Common Pleas; and it is with the record, or what purports to be a record in that court, that we are immediately concerned.   The following is a complete copy, as returned by that court, of the "record" of the proceeding under which the prosecutor was sentenced to imprisonment:

"HUDSON COUNTY COURT OF COMMON PLEAS.

The State
    *v.*
Walter J. Knight.
} C. P. No. 22129
On appeal.

Nov.   4, 1927, case off until November 15th, 1927.
Nov. 15, 1927, case off until November 18th, 1927.
Nov. 18, 1927, case tried by Judge Robert V. Kinkead.

Witnesses for plaintiff:
    Officer McVickar, Boulevard Police   K. C.
    Lieut. Tuttle,      "      "      "
    Officer Carney,     "      "      "
    Dr. Adams,       "      "     "
Witnesses for defendant:
    Walter J. Knight,
    Mrs. Walter J. Knight.
Counsel for state,          For defense,
    James P. Dolan.          Charles E. S. Simpson.

Judge Kinkead found the defendant guilty and imposed a fine of $200 and sentenced him to thirty days in county jail."

It is urged for the prosecutor that this is, in effect, no record of a conviction of the same offense with which he was charged before the recorder, and we think the point well taken, and are unable to see how it can be properly said that he has been convicted on the appeal of any offense whatever, much less that tried by the recorder. *O'Shaughnessy* v. *McLorinan*, 43 *N. J. L.* 410, 413, in which it was held that on a retrial in the sessions for being a disorderly person, the finding of that court merely that prosecutor was guilty of being a disorderly person under the provisions of the act was indefinite, being consistent with his entire innocence of the charge contained in the complaint. In *McLorinan* v. *Ryno,* 49 *Id.* 603, the sessions ordered the complaint dismissed, and this was held to be not within the jurisdiction of that court, which was required to retry the case, decide the fact of guilt, and, if found, make order thereupon as required by the statute.

In *Schneider* v. *Marinelli,* 62 *N. J. L.* 739, 741, an appeal to the Common Pleas of a conviction under the Fish and Game act, the record of the Common Pleas stated that the court adjudged defendant to be guilty of violating section 15 of the statute, but did not indicate that it adjudged him to be guilty of those acts in violation of the section with which he was charged, and for which, alone, the court had a legal right to punish him.

The rule appears to be settled that the record of the Common Pleas on a retrial in these classes of cases must reasonably show that the defendant was convicted of the offense that had been charged in the complaint, and if it failed so to show it in reasonable intendment, the proceedings in the Common Pleas must be set aside. This rule was assumed and applied in the case of *State* v. *Rosenblum,* 100 *N. J. L.* 240; *affirmed* on this point in 102 *Id.* 125, the Supreme Court going at length into the question whether the misrecital of a statute non-existent at that time should have the effect of vitiating a finding which otherwise appeared to adjudge the

defendant guilty of the charge made in the complaint. That case, so far from impugning the rule just laid down, is implicitly in affirmance of it.

Turning to the record in the case at bar set forth in full above, it seems perfectly plain that it convicts the defendant of nothing. For all that the alleged record shows, the defendant may have been convicted of some offense under the Fish and Game act, as in Schneider *v.* Marinelli, or of bastardy, in which the review is of the same character, or of any one of perhaps a half a dozen other violations of statutes where an appeal is given to the Common Pleas and that court tries the case *de novo*.

For these reasons the judgment of the Common Pleas is reversed and set aside.